IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

vs.                                             CRIMINAL ACTION NO. 2:09cr43-KS-MTP

THEDDIS MARCEL PEARSON, et al

**<u>ORDER</u>**

This matter is before the court on several motions argued at the Pretrial Conference held on May 27, 2010, 1:00 p.m. Having considered the Motions, the court finds as follows:

United States First Motion in Limine [# 107] is OVERRULED. United States seeks to exclude evidence that the Statewide Physical Medicine patients derived any physical or emotional benefit from the treatments rendered. While the Court overrules the motion at this time, the government may re-urge their relevancy objections at trial contemporaneously with the submission of any objectionable evidence.

United States Second Motion in Limine [# 109] is OVERRULED. United States seeks to prevent the defendants from introducing into evidence or arguing at trial that the "general supervision" exception of Medicare's "incident to" billing regulations were applicable to the services that were billed to Medicare and Medicaid by the defendants because the requirements for billing pursuant to the "general supervision" exception could not have been satisfied by the defendants. The Court denies this Motion In Limine at this time but grants the government the right to re-urge it once the proof is offered and the Court has a better understanding by observing and hearing testimony regarding the relevant issues.

Defendant Arnold's Motion for Pre-Trial Evidentiary Hearing to Determine Existence of

Conspiracy [# 161] is OVERRULED.  As aptly noted by the prosecution in its Response [# 212], a pre-trial hearing would amount to trying the case twice and would be a waste of judicial resources and time.  If the government wishes to introduce co-conspirator statements under F.R.E. 801(d)(2)(E), it will be held to its burden to present a sufficient showing that a conspiracy existed, the defendant participated in said conspiracy, and the statements were made in the course and in furtherance of the conspiracy.   The Court reserves the right to conditionally admit the statements "subject to a subsequent final determination" that the government established a proper predicate for admission of the statements.  *See United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir. 1994).  Defendants should make their contemporaneous objections and the Court will establish whether a proper predicate has been laid in the context of the evidence that has been presented in trial, or if the statement will be conditionally admitted.

Theddis Pearson's Motion to Sever or, in the Alternative, Motion in Limine Regarding the Use of the Co-Defendants' Grand Jury Testimony and 404(b) Evidence It Has Against Gail Jones and Alonza Williams [# 105] is OVERRULED.  In this motion, Pearson argues that the Court should exclude the co-defendants' grand jury testimonies because the testimonies are hearsay and Pearson would be denied his right of cross examination should his co-defendants refuse to testify at trial.  Pearson also argues that the 404(b) evidence against Jones and Williams, particularly the expected testimony of government's witness, Broussard, a former associate of Jones and Williams, should be excluded because the evidence would be prejudicial against Pearson.  As an alternative to exclusion of the 404(b) evidence and grand jury testimonies, Pearson seeks severance.  As to the grand jury testimony, the Sixth Amendment of the Constitution, as well as a long line of cases establish a Defendant's right to confront his or her

2

accuser. *See Crawford v. Washington,* 541 U.S. 36 (2004). This Court will enforce the Defendant's Constitutional rights, including the confrontation clause and applicable case law pertaining thereto. Any statements that are offered must meet the requirements of F.R.E. 801, 802, 803, and 804. The Court previously ruled in its Order [# 221] that the Court will only allow evidence of prior bad acts of a Defendant if the crime, wrong, or act is admissible for purposes allowable under F.R.E 404(b) and not to prove the character of a person in order to show action in conformity therewith. The Court will allow the government to urge 404(b) material by first alerting this Court and requesting that the jury be removed and submitting the testimony or evidence to the Court outside of the jury's presence and allowing the Court to make a ruling on the submissions on a case by case basis. The Court will entertain any objections under Rule 403 balancing test at this time, and the Court will determine whether or not the acts will be admitted. The Court denies the motion to sever at this time.

Defendant Arnold's Motion for an Order Requiring the Prosecution to Give Notice of Its Intention to Use Other Crimes, Wrongs or Acts Evidence and Memorandum in Support [# 155] is OVERRULED. Defendant requested two weeks notice in advance of trial of all potential 404(b) evidence and witnesses to be presented against Arnold by the government. As stated in the hearing, this motion is overruled.

Defendant Cassandra Thomas's Motion to Exclude 404(b) Evidence [# 181] is OVERRULED. Thomas moves to exclude all evidence relating to Central Mississippi Physical Medicine, Inc., a separate business owned and operated by Thomas, and acts alleged in a separate indictment in the Jackson Division relating to Thomas's involvement with this business. As stated above, the Court will allow the government to urge 404(b) material by first alerting this

Court and requesting that the jury be removed and submitting the testimony or evidence to the Court outside of the jury's presence and allowing the Court to make a ruling on the submissions on a case by case basis. The Court will entertain any objections under Rule 403 balancing test at this time, and the Court will determine whether or not the acts will be admitted.

Defendant Arnold's Motion to Sever or in the Alternative Motion in Limine Regarding the Use of the Co-Defendants' Grand Jury Testimony and 404(b) Evidence It Has Against Gail Jones and Alonza Williams [# 157] is OVERRULED. Arnold objects to the admission of 404(b) evidence against Jones and Williams, particularly Broussard's testimony regarding a former business, Citywide Physical Medicine, that was operated by Jones and Williams. He argues that this evidence would be extremely prejudicial to Arnold, and requests that the Court grant a separate trial for Arnold. For the reasons fully discussed above in the Court's discussion of Defendant Pearson's similar motion [# 105], this motion is denied at this time.

Defendant Cassandra Thomas's Motion for Severance [# 180] and Separate Defendant, Collie Crutcher's, Motion for Severance [# 153] are OVERRULED. Thomas and Crutcher both argue that statements and evidence relating to a co-defendant only and antagonistic defenses may be prejudicial to them. Because the Defendants in this case are all being charged as a part of the same conspiracy, and weighing any possible prejudice against the need for judicial economy, the Court denies Defendants' motions to sever at this time. *See Zafiro v. United States*, 506 U.S. 534 (1993) (indicating that limiting instructions "often will suffice to cure any risk of prejudice"); *see also United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002). The Court will issue appropriate limiting instructions when necessary.

Defendant Thomas's Motion in Limine to Exclude Certain Improper Opinion Evidence

Related to Matters of Law and the Standard of Medical Care [# 179], joined by Defendants Pearson [Doc. # 188] and Arnold [# 199] is OVERRULED. Defendants wish to prohibit testimony from Cahaba employees expected to interpret federal regulations and from Dr. Collipp who is expected to testify that the treatments given by defendant doctors was a breach of the standard of medical care. While the motion is denied at this time, Defendants may re-urge their objections during trial when the government seeks to introduce the evidence and the Court will rule with the benefit of the appropriate context.

Pearson's Amended Motion in Limine [# 171] is OVERRULED. Pearson asks the Court to prohibit any testimony or argument about the Statewide employees not being licensed to provide physical therapy. The Court fully addressed this issue in response to Defendant Pearson's original Motion in Limine [# 142], and issued its Order [# 246] overruling the motion. For the reasons stated in the Court's previous order, the Court denies this motion at this time but grants any party the right to re-urge it once the proof is offered and the Court has a better understanding by observing and hearing testimony regarding the relevant issues.

Defendant Thomas's Motion for Dismissal Based on Rule of Lenity, Absence of Licensure Requirement, Ambiguity Concerning "Direct Supervision" Requirement, and "Incident To" Billing Issues [# 184], joined by Defendants Pearson [# 189], Jones [# 206], Arnold [# 209], and Crutcher [ # 219], is OVERRULED. All parties will have an opportunity to argue the applicability and clarity of the regulations and requirements over the course of the trial, and any objections should be raised in the context of the evidence presented.

Defendant Thomas's Motion in Limine to Exclude Evidence and Arguments Imposing Legal Requirements Beyond Those Authorized By Statute or the C.F.R.[# 185], joined by

Defendants Pearson [# 190], Jones [# 216], and Crutcher [# 218] is OVERRULED. Any objection to the relevance or prejudicial nature of these documents under F.R.E. 403 may be re-urged during trial so that the Court may weigh the probative value of these documents against the danger of prejudice or jury confusion with the benefit of the appropriate context.

IT IS, THEREFORE, ORDERED that for the reasons set forth herein and presented during the motions hearing at the Pretrial Conference, the following motions are overruled: Motions # 105, 107, 109, 153, 155, 157, 161, 171, 179, 181, 184, and 185.

SO ORDERED AND ADJUDGED this the 9th day of June, 2010.

*S/Keith Starrett*
UNITED STATES DISTRICT JUDGE